IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities Exchange Commission, | NO. C 00-20655 JW |
| Plaintiff, | **ORDER DENYING MOTION FOR PAYMENT TO TREASURY; ORDER TO SHOW CAUSE** |
| v. | |
| Michael R. Hendrix, et al., | |
| Defendants. | |

Presently before the Court is the Security and Exchange Commission's ("SEC") Motion for Payment to Treasury. (hereafter, "Motion," Docket Item No. 291.)

In a Complaint filed on June 16, 2000, the SEC alleged that Defendants engaged in insider trading in the securities of Xylogics, Inc. ("Xylogics") prior to a September 1995 announcement that Xylogics would be acquired by Bay Networks, Inc. (Docket Item No. 1.) The Court entered judgment for the SEC and against Defendants, enjoining Defendants from future violations of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5. (Docket Item Nos. 280, 281, 288, 289, 290.) In addition, the Court ordered Defendants to pay varying amounts for disgorgement, prejudgment interest and civil penalties. (Id.) According to the SEC, the total amount of disgorged profits and accrued interest on deposit with the Registry of the Court is $882,567.39. The SEC moves the Court to direct payment of funds consisting of the disgorgement and accrued interest to the United States Treasury. (Motion at 5-6.)

The district court may order the disgorgement of profits obtained through the violation of securities laws in an effort to deprive a wrongdoer of unjust enrichment, and deter others from

violating securities laws by making violations unprofitable. S.E.C. v. First Pacific Bancorp, 142 F.3d 1186, 1191 (9th Cir. 1998). Once funds have been disgorged, the district court has broad discretion in determining the equitable disposition of the funds. Id. at 1192. While not required by statute, in many cases, the equitable result is distribution of the money to those injured by the violation. S.E.C. v. Drexel Burnham Lambert, Inc., 956 F. Supp. 503, 507 (S.D.N.Y. 1997), *aff'd sub nom*. S.E.C. v. Fischbach Corp., 133 F.3d 170 (2nd Cir. 1997). However, distribution to the injured parties may not be appropriate where there are numerous victims with relatively small losses or the where the victims cannot be identified. Id. In the event that distribution to the victims is not feasible or appropriate, the funds should be paid to the Treasury. Id.

The SEC contends that the disgorged funds should be paid into the Treasury because there would be nominal distribution per share and the trades took place over twelve years ago, making it unfeasible to locate the investors. (Motion at 4.) The SEC represents that there are $882,567.39 in funds from disgorgement and accrued interest and that there were 349,200 affected shares traded between September 1 and September 5, 1995. (Id. at 5.) However, after administrative costs the SEC estimates that only $661,500 will be available for distribution resulting in payments of $1.90 per share. The SEC has not proffered a declaration to support its statement that injured parties would be difficult and costly to find due to the passage of time.

In a similar case before this Court, the SEC moved for appointment of a Distribution Agent to develop a scheme to distribute the disgorged funds to the injured parties, and the Court granted the SEC's motion. SEC v. Ungermann, No. 02-05613 JW. The illegal transactions in Ungermann took place in January 1999, as opposed to September 1995, in this case. While this is a difference of three and half years, it is not a significant enough difference in time to excuse the SEC from demonstrating that it is unfeasible to locate the victims of insider trading in this case.

In Ungermann, the SEC represented that funds amounting to approximately $793,000 are available for distribution, which would mean payments of about $3.21 per share. In this case, the SEC's estimate of $661,500 available for distribution would result in payments of about $1.90 per share. Without a declaration filed by the SEC which supports its representation that distribution

2

would be difficult and costly, it is not clear to the Court why this case is not suitable for appointment of a Distribution Agent while Ungermann is. Accordingly, the Court finds it inappropriate to grant the SEC's motion at this time.

The Court DENIES SEC's motion for payment to the Treasury at this time. The Court sets a hearing on **June 2, 2008 at 9 a.m.** for the SEC to show cause why the Court should not appoint a Distribution Agent. The SEC shall file a certification with the Court on or before **May 23, 2008.** The certificate shall set forth in factual summary why the Court should not appoint a Distribution Agent to manage the distribution of the funds at issue; if the certificate is sufficiently supported by the required declaration(s), the Court may vacate the Order to Show Cause hearing and approve the SEC's Motion for Payment to the Treasury.

Dated:  April 18, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Carleasa A. Coates
US Securities & Exchange Commission
450 Fifth Street, NW
Mail Stop 9-11
Washington, DC 20549-0806

Charles D. Stodghill
 Securities & Exchange Commission
100 F Street N.E
Washington, DC 20549-4010

**Dated:  April 18, 2008**                                        **Richard W. Wieking, Clerk**

                                                                  **By:      /s/ JW Chambers            **
                                                                           **Elizabeth Garcia**
                                                                           **Courtroom Deputy**