Charles D. Stodghill
Attorney for Plaintiff
Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549-4010
(202) 551-4413 (Telephone)
(202) 772-9246 (Fax)
stodghillc@sec.gov

**IT IS SO ORDERED**
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

- v.-

MICHAEL R. HENDRIX, et al.

           Defendants.

Civ. Action No.

C00-20655 (JW)

ORDER SETTING HEARING ON SEC's MOTION FOR ORDER APPROVING DISTRIBUTION OF FUNDS

---

**SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT CONCERNING THE DISPOSITION OF FUNDS IN COURT REGISTRY**

Plaintiff Securities and Exchange Commission ("Commission") files this status report concerning the disposition of funds presently in the Registry of the Court.

On March 10, 2008, the Commission filed a motion for an Order directing payment of approximately $883,000 from the court registry to the United States Treasury on the grounds that returning these funds to investors through a Court-ordered Distribution Plan likely would not be

SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT
CONCERNING THE DISPOSITION OF FUNDS IN COURT REGISTRY
Civil Action No. C 00-20655(JW)

economically feasible, in light of the estimated per-share return and the perceived difficulty of locating investors and verifying claims more than twelve years after the illegal trading.[1]

On April 18, 2008, the Court denied the Commission's motion. In denying the Commission's motion, the Court compared this matter to another case, *SEC v. Ungermann*, in which the Commission sought appointment of a distribution agent.[2] The Court compared the amount of time that had passed, the funds available for distribution, and the likely return per share to investors in *Ungermann* and in this case. The Court explained that without supporting evidence to distinguish the two cases, it was not clear why one case was suitable for appointment of a Distribution Agent and the other was not.

In response to the Court's Order, the Commission's staff obtained trading data in this case, reviewed it in an effort to determine its completeness, and consulted both internally and with three outside professionals who have each served as a Distribution Agent and/or Receiver in multiple cases. See Declaration of Michael S. Fuchs (hereinafter "Decl."), attached hereto as Exhibit A, at ¶¶ 1, 2. Each of the agents previously served as a distribution agent or receiver in

---

[1] As explained in the Commission's Motion, the approximately $883,000 represents disgorged trading profits paid by the Defendants in this case, plus accrued interest. The Commission's complaint alleged that the Defendants engaged in insider trading in the securities of Xylogix, Inc. prior to a September 1995 public announcement that Xylogics would be acquired by Bay Networks, Inc. The Court entered judgments enjoining Defendants from future violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder and ordering them to pay varying amounts of disgorgement, prejudgment interest, and civil penalties.

[2] The Court's Order directed the Commission to file a certification by May 23, 2008 explaining why the Court should not appoint a distribution agent in this matter. The Order further said that if the certificate was sufficiently supported by a declaration, the Court would consider vacating an Order to Show Cause Hearing now scheduled for June 9, 2008 and approving the Commission's Motion for Payment to the Treasury.

- 2 -

SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT
CONCERNING THE DISPOSITION OF FUNDS IN COURT REGISTRY
Civil Action No. C 00-20655(JW)

multiple SEC cases.    The staff provided these agents with relevant information related to this case. Decl., ¶ 2.

After considering the information provided by the staff, each of the distribution agents opined that a distribution in this case was economically feasible.  At the staff's request, the three distribution agents submitted formal bid letters offering to serve as the Distribution Agent in this case, the last of which was received on May 20, 2008.  Decl., ¶¶ 3, 4.

In consideration of the Court's Order and based on this new information, the Commission's staff has reconsidered its initial recommendation that the disgorged funds be paid to the U.S. Treasury.  Instead, the Commission now intends to draft a plan for the Court's consideration that would appoint an agent to distribute these funds from the court registry to harmed investors. The Commission intends to file a proposed Distribution Plan for the Court's consideration by June 30, 2008.

If the Court approves of the approach outlined herein, the Commission staff will, pursuant to Commission procedures, evaluate the potential distribution agents who have submitted bids and recommend a distribution agent for consideration by and subject to Court approval. Decl., ¶¶ 4, 5.

- 3 -

SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT
CONCERNING THE DISPOSITION OF FUNDS IN COURT REGISTRY
Civil Action No. C 00-20655(JW)

For the foregoing reasons, the Commission requests that the Court vacate the hearing scheduled for June 9, 2008.

Respectfully submitted,

*[signature]*
Charles D. Stodghill
Attorney for Plaintiff
Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549-4010
(202) 551-4413 (Telephone)
(202) 772-9246 (fax)
stodghillc@sec.gov

Dated: May 22, 2008

**\*\*\* ORDER \*\*\***

Pursuant to the SEC representations' above, the Court VACATES the hearing on the Order to Show Cause currently set for June 9, 2008. The Court sets a hearing on the SEC's anticipated Motion for Order of Approving Distribution of Funds and Appointment of Distribution Agent for **July 7, 2008 at 9 a.m.** The motion and its supporting documents shall be filed on or before **June 30, 2008**.

Dated: June 2, 2008

*[signature]*
JAMES WARE
United States District Judge

| | |
|---|---|
| 1 | Charles D. Stodghill |
| | Attorney for Plaintiff |
| 2 | Securities and Exchange Commission |
| | 100 F St., N.E. |
| 3 | Washington, D.C. 20549-4010 |
| | (202) 551-4413 (Telephone) |
| 4 | (202) 772-9246 (Fax) |
| | stodghillc@sec.gov |
| 5 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

              **Plaintiff,**

   - v.-

MICHAEL R. HENDRIX, DOUGLAS S. SAWAMURA, JEFFREY S. SUMMERLIN, JAMES A.S. LEWIS, CRAIG A. LARREW, SAN H. MAI, BICH THI HOANG, LINH NGOC VU, NICK S. PARK, JOHN H. OH, TIMOTHY J. HELMS and RAYMOND L. HELMS,

              **Defendants.**

Civ. Action No.

C00-20655 (JW)

---

**DECLARATION OF MICHAEL S. FUCHS IN SUPPORT OF**
**SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT**
**CONCERNING THE DISPOSITION OF FUNDS IN COURT REGISTRY**

I am an attorney admitted to the bars of the District of Columbia and the Commonwealth of Virginia. I am employed as a Branch Chief by the Securities and Exchange Commission

("Commission") in the Division of Enforcement at the Commission's headquarters in Washington, D.C., where I have worked since February 1995. This Declaration is based on information obtained through my direct participation in the disposition of the funds in the Registry of the Court in this matter.

1. In light of the Court's Order denying the Commission's motion to transfer the funds to the United States Treasury, my supervisor and I discussed this matter with staff in the Commission's Office of Market Surveillance, who determined that data reflecting relevant trading in the common stock of Xylogics, Inc. from September 1995 was still available, though possibly not 100 percent complete.

2. We also consulted with the Commission staff currently handling the distribution in *SEC v. Ungermann*. In addition, we contacted three different distribution agents to determine if they believed that the funds in the court registry could be returned to investors in a cost-effective manner. All three agents have served as a distribution agent or a receiver in multiple SEC cases. My supervisor and I had several conversations with each distribution agent to inform them of the relevant details concerning a possible distribution. One of the distribution agents reviewed the trading data pursuant to a confidentiality agreement.

3. After reviewing the relevant information, the distribution agents contacted by the staff informed us that they believed that the funds held in the Court Registry could be returned to investors in a cost-effective manner. In so doing, they orally provided us with the general contours of a possible distribution plan and the approximate costs of implementing that plan.

- 2 -

4.      In response to the staff's request, each agent provided us with a formal bid letter to serve as distribution agent in this matter. The last of those bid letters was received in our offices on May 20, 2008. If the Court approves the approach outlined herein, the staff, pursuant to the Commission's procedures, will assess these bids and select a distribution agent for consideration by and subject to Court approval.

5.      I have begun drafting a distribution plan, which we believe could be presented to the Court for approval by June 30, 2008.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2008 in Washington, D.C.

_____
Michael S. Fuchs

- 3 -

DECLARATION OF MICHAEL S. FUCHS IN SUPPORT OF
SECURITIES AND COMMISSION'S STATUS REPORT
Civil Action No. C 00-20655(JW)